# Exhibit A

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

DONALD DUROUSSEAU
c/o Brendan Klaproth
Klaproth Law PLLC
406 5th Street NW, Ste 350
Washington, DC 20001

    Plaintiff.

    v.

GEORGE WASHINGTON UNIVERSITY
2121 Eye Street NW
Washington, DC 20050

    Serve: Mary Lynn Reed
          2100 Pennsylvania Ave NW
          Suite 250
          Washington, DC 20050

    Defendant.

Civ. No.:

## COMPLAINT AND JURY DEMAND

Plaintiff Donald DuRousseau alleges for his Complaint herein:

### PRELIMINARY STATEMENT

1.    This lawsuit is about kicking a man when he is down. Plaintiff Donald DuRousseau began working for Defendant George Washington University ("GW") in May 2014 in the position of Director of Research Technology Services. He excelled in this position for nearly five years. But in the Fall of 2018, Mr. DuRousseau fell seriously ill. It started with abdominal pain in November 2018 and his condition progressed as his Spleen began to swell and he developed pneumonia that persisted over the next few months into 2019. By December 2018, Mr. DuRousseau had missed a few days of work for medical appointments and he

reported his medical condition to his supervisor.  These symptoms Mr. DuRousseau was experiencing were just precursors and/or symptoms to an underlying illness, which had not yet been identified.

2. From February 5 to February 7, 2019, Mr. DuRousseau was attending a meeting in San Diego CA as part of his Director's responsibility for GW. He had planned to return on February 11th, but his abdominal pain and other symptoms were so severe that he changed the flight home to February 7th so that he could undergo a bone marrow biopsy on February 11, 2019. Mr. DuRousseau paid the airline change fee out of his own pocket and returned from the business trip early in order to make the appointment for the bone marrow biopsy.

3. On February 13, 2019, Mr. DuRousseau's doctor told him that he was diagnosed with Stage 4 Hairy Cell Leukemia. *That same day*, Mr. DuRousseau sent an email to his supervisor stating that he needs to take medical leave because he was continuing to experience serious medical issues, had been scheduled for emergency abdominal surgery on February 18th, and had just received a cancer diagnosis from his doctor.  Mr. DuRousseau also wrote to this supervisor that he would be starting "Chemo and that will put [him] down for a couple weeks, at least."  In addition, that same day, Mr. DuRousseau followed GW's policies, and submitted a request for medical leave through the online leave portal for February 18, 2019 through April 1, 2019.

4. Knowing that Mr. DuRousseau had cancer and had requested medical leave, *the very next day on February 14, 2019*, GW terminated Mr. DuRousseau.  At the time of termination, GW knew that Mr. DuRousseau was suffering from cancer, and had surgery and treatments planned. Rather than accommodate Mr. DuRousseau or provide him with the requested medical leave as required under the law, GW fired him.

Klaproth Law
406 5ᵀᴴ Street NW
Suite 350
Washington, D.C. 20001
_____
klaprothlaw.com

- 2 -

5. As a result of GW's discriminatory and retaliatory firing, Mr. DuRousseau was stripped of his short-term disability and health insurance just prior to his going on medical leave for his cancer-related surgery and chemotherapy treatments.

6. Mr. DuRousseau brings this lawsuit asserting claims of retaliation and discrimination in violation of the District of Columbia Family Medical Leave Act, D.C. Code §§ 32-501, *et seq* ("D.C. FMLA") and the District of Columbia Human Rights Act, D.C. Code §§ 22-1401, *et seq* ("DCHRA").

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this claim pursuant to D.C. Code § 11-921(a)(6).

8. This Court has personal jurisdiction over the Defendant pursuant to D.C. Code § 13-423(a)(1)-(4).

9. Venue is proper in this Court as the acts and/or omissions alleged in this Complaint occurred in the District of Columbia. Moreover, the Defendant is found in, reside, or transact business in the District of Columbia. Venue is also proper as Plaintiff's claims involve one or more common questions of fact that arise from Defendant's conduct occurring in the Washington, D.C. metropolitan area.

## PARTIES AND RELEVANT PERSONS

10. Plaintiff Donald DuRousseau is an individual residing in the Commonwealth of Virginia. Mr. DuRousseau is an employee as defined by D.C. Code § 2–1401.02(9) and D.C. Code § 32-501(a). Mr. DuRousseau was employed by GW for 1 year without a break in service except for regular holiday, sick, or personal leave granted by the employer and has worked at least 1000 hours during the 12-month period immediately preceding the request for family or medical leave. At all times relevant, Mr. DuRousseau was employed the GW in the District of

Klaproth Law
406 5TH Street NW
Suite 350
Washington, D.C. 20001
─────
klaprothlaw.com

- 3 -

Columbia. During the course of his employment, Mr. DuRousseau worked for GW in the District of Columbia, attended meetings in the District of Columbia, and performed services for GW in the District of Columbia. In addition, after GW terminated Mr. DuRousseau, he filed for unemployment benefits, which was handled and processed by the District of Columbia Office of Department of Employment Services, Office of Unemployment Compensation. At all times relevant, Plaintiff had a "serious medical condition" (*e.g.* cancer) as defined by D.C. Code § 32-503 and a "disability" as defined by D.C. Human Rights Act, D.C. Code § 2-1401, *et seq.*

11.     Defendant George Washington University is an educational institution with its principal place of business located in the District of Columbia. Defendant GW conducts substantial business activities in the District of Columbia. Defendant GW is an employer defined by D.C. Code § 2–1401.02(10). At all times relevant, Defendant GW acted by and through its agents, servants, and/or employees within the course and scope of their employment with GW and in furtherance of GW's business.

## FACTS COMMON TO ALL COUNTS

12.     Mr. DuRousseau (63 years old) began working at GW as the Director of Research Technology Services in May 2014. He excelled in this position. He received widespread praise for his performance, and for his role in supporting research and obtaining multiple National Science Foundation grants and leading several large-scale programs.

13.     On February 13, 2019, Mr. DuRousseau notified his staff and his supervisor, Brian Ensor, that he was experiencing medical issues and would miss upcoming meeting. He informed Mr. Ensor that he would be unable to participate in upcoming meetings because he was scheduled for surgery the following week. He also advised Mr. Ensor that he had cancer and was scheduled "to start Chemo" "that will put [him] down for a couple weeks, at least."

Klaproth Law
406 5TH Street NW
Suite 350
Washington, D.C. 20001
_____
klaprothlaw.com

14. That same day, February 13, 2019, Mr. DuRousseau sent Mr. Ensor a notice that he would be requesting medical leave. Mr. DuRousseau then submitted a request for medical leave through GW's online leave portal for February 18, 2019 through April 1, 2019. Mr. DuRousseau received email notice of approval for past leave requests but did not receive approval for the medical leave request.

15. Knowing that Mr. DuRousseau had cancer, was scheduled for surgery, and requested medical leave through April 1, 2019, GW did not provide Mr. DuRousseau with medical leave as required by law.

16. Instead, on February 14, 2019 – the day after he requested medical leave – GW, terminated Mr. DuRousseau. At the time of termination, GW knew that Mr. DuRousseau was suffering from cancer and had surgery and treatments planned. Rather than accommodate Mr. DuRousseau or provide him with the requested medical leave as required under the law, GW fired him.

17. GW's pretext for terminating Mr. DuRousseau was that "the position [he] currently [held] as Director, Research Technology Services will be terminated effective 2/28/2019." This stated reason proved to be false as the position of Director, Research Technology Services was never eliminated or terminated by GW.

18. GW's actual motivation for terminating Mr. DuRousseau was his request for medical leave, his disability, his age, and in retaliation for requesting medical leave.

19. After terminating Mr. DuRousseau, GW continued its harassment and retaliation of Mr. DuRousseau because of his age and disability by falsely telling GW staff and Mr. DuRousseau's coworkers outside of GW that Mr. DuRousseau resigned from his position at GW due to his illness and disability.

Klaproth Law
406 5TH Street NW
Suite 350
Washington, D.C. 20001
_____
klaprothlaw.com

20.     As a result of Defendant's discrimination and retaliation, Mr. DuRousseau lost his health insurance benefits and short term disability just prior to undergoing his chemotherapy treatments.

## COUNT I
## INTERFERENCE CLAIM UNDER D.C. FMLA

21.     Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

22.     On February 13, 2019, Plaintiff attempted to exercise his rights under the D.C. FMLA by requesting medical leave under D.C. Code § 32-503. At the time of requesting leave, Plaintiff worked for GW for more than 1 year without a break in service and he had worked at least 1000 hours during the 12-month period immediately preceding the request for medical leave. At the time Plaintiff requested medical leave, he had a "serious health condition."

23.     Under D.C. Code § 32-507, it is "unlawful for any person to interfere with, restrain, or deny the exercise of or the attempt to exercise any right provided by this chapter."

24.     In violation of D.C. Code § 32-507, Defendant unlawfully interfered, restrained and denied Plaintiff the ability to exercise his rights under the D.C. FMLA by ignoring Plaintiff's request for medical leave, wrongfully denying Plaintiff's request for leave and interfering with Plaintiff's statutory right to take medical leave.

25.     Defendant further D.C. Code § 32-507 by failing to protect Plaintiff's employment and his employment benefits, including without limitation, his health insurance benefits and short-term disability.

26.     Defendant further violated D.C. Code § 32-507 by failing to notify Plaintiff of his rights under the D.C. FMLA and 29 C.F.R. § 825.301(c).

Klaproth Law
406 5TH Street NW
Suite 350
Washington, D.C. 20001
_____
klaprothlaw.com

27. As a direct and proximate result of Defendant's violation of the D.C. FMLA, Plaintiff has suffered economic and non-economic damages, has incurred attorneys' fees and costs, has lost wages and benefits and will continue to lose wages and benefits, lost earning capacity, emotional distress, pain and suffering, embarrassment, inconvenience, mental anguish, lost of enjoyment of life, disqualification from eligibility for unemployment, is suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory and retaliatory acts unless, and until, the Court grants the relief requested herein.

28. Defendant's violations of the D.C. FMLA were willful and warrant the imposition of punitive damages.

29. WHEREFORE, Plaintiff prays for relief in the form of a judgment against Defendant's by awarding (1) compensatory damages; (2) punitive damages; (3) equitable relief, including back pay, front pay, and reinstatement; (4) costs and attorney's fees; (5) liquidated damages; (6) consequential damages; and (7) any other relief the Court deems proper.

**COUNT II**
**RETALIATION IN VIOLATION OF THE D.C. FMLA**

30. Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

31. On February 13, 2019, Plaintiff attempted to exercise his rights under the D.C. FMLA by requesting medical leave under D.C. Code § 32-503. At the time of requesting leave, Plaintiff worked for GW for more than 1 year without a break in service and he had worked at least 1000 hours during the 12-month period immediately preceding the request for medical leave. At the time Plaintiff requested medical leave, he had a "serious health condition."

32. Under the DC FMLA it is unlawful to discharge or discriminate any person

Klaproth Law
406 5TH Street NW
Suite 350
Washington, D.C. 20001
_____
klaprothlaw.com

because the person exercised his/her rights under the D.C. FMLA or otherwise engaged in protected activity.

33. Plaintiff engaged in protected activity by requesting medical leave under the DC FMLA.

34. Less than 24 hours after Plaintiff requested medical leave under the DC FMLA, Defendant retaliated against Plaintiff for requesting medical leave by firing Plaintiff.

35. Defendant further retaliated against Plaintiff by falsely telling GW staff and Mr. DuRousseau's coworkers outside of GW that Mr. DuRousseau resigned from his position at GW due to his illness and disability.

36. As a direct and proximate result of Defendant's violation of the D.C. FMLA, Plaintiff has suffered economic and non-economic damages, has incurred attorneys' fees and costs, has lost wages and benefits and will continue to lose wages and benefits, lost earning capacity, emotional distress, pain and suffering, embarrassment, inconvenience, mental anguish, lost of enjoyment of life, disqualification from eligibility for unemployment, is suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory and retaliatory acts unless, and until, the Court grants the relief requested herein.

37. Defendant's violations of the D.C. FMLA were willful and warrant the imposition of punitive damages.

38. WHEREFORE, Plaintiff prays for relief in the form of a judgment against Defendant by awarding (1) compensatory damages; (2) punitive damages; (3) equitable relief, including back pay, front pay, and reinstatement; (4) costs and attorney's fees; (5) liquidated damages; (6) consequential damages; and (7) any other relief the Court deems proper.

Klaproth Law
406 5TH Street NW
Suite 350
Washington, D.C. 20001
_____
klaprothlaw.com

## COUNT III
### DISABILITY AND AGE DISCRIMINATION IN VIOLATION OF THE D.C. HUMAN RIGHTS ACT

39. Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

40. Defendant discriminated against Plaintiff on the basis of disability and age in violation of the DCHRA by, *inter alia*, by subjecting him to different terms and conditions of his employment because of his disability and age; terminating Plaintiff

41. As a direct and proximate result of Defendant's unlawful discriminatory conduct in violation of the DCHRA, Plaintiff has suffered economic and non-economic damages, has incurred attorneys' fees and costs, has lost wages and benefits and will continue to lose wages and benefits, lost earning capacity, emotional distress, pain and suffering, embarrassment, inconvenience, mental anguish, loss of enjoyment of life, potential disqualification from eligibility for unemployment, is suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory and retaliatory acts unless, and until, the Court grants the relief requested herein.

42. Defendant's violations of the D.C. Human Rights Act were willful and warrant the imposition of punitive damages.

43. Plaintiff seeks affirmative relief which may include, but is not limited to, requiring Defendant to post the avenues to address complaints of workplace harassment, discrimination, and retaliation; requiring Defendant's employees to undergo discrimination, harassment and retaliation training; reinstating Plaintiff; and any other equitable relief as the Court deems appropriate, compensatory damages, attorneys' fees, costs and disbursements of this action.

Klaproth Law
406 5TH Street NW
Suite 350
Washington, D.C. 20001
_____
klaprothlaw.com

44. WHEREFORE, Plaintiff prays for relief in the form of a judgment against Defendant by awarding (1) compensatory damages; (2) punitive damages; (3) equitable relief, including back pay, front pay, and reinstatement; (4) costs and attorney's fees; and (6) any other relief the Court deems proper.

## COUNT IV
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

45. Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

46. GW acted with extreme and outrageous conduct when it terminated Mr. DuRousseau less than 24 hours after he notified GW that he needed medical leave because he was suffering from cancer. GW knew Mr. DuRousseau was scheduled to undergo a surgery the following week and chemotherapy shortly after that. Knowing this GW immediately terminated Mr. DuRousseau which had the effect of depriving him of his health insurance benefits that he needed for his cancer treatments. Furthermore, by terminating Mr. DuRousseau just before he was scheduled to go on medical leave, GW also stripped Mr. DuRousseau of his short term disability, which would have provided him with compensation during his unpaid medical leave.

47. GW knew that terminating Mr. DuRousseau would deprive him of his needed health insurance and disability insurance, yet GW didn't care. GW fired Mr. DuRousseau intentionally knowing that it would cause him extreme and severe distress for him to lose his job, his health insurance, and his short-term disability just prior to undergoing his cancer treatment.

48. To add insult to injury, even after GW fired Mr. DuRousseau under the false pretext that it had eliminated his position (it did not), GW then proceeded to spread falsehoods

Klaproth Law
406 5TH Street NW
Suite 350
Washington, D.C. 20001
_____
klaprothlaw.com

that Mr. DuRousseau had resigned because of his cancer. This too is extreme and outrageous conduct intended to cause Mr. DuRousseau severe emotional distress.

49. Plaintiff has endured severe, verifiable mental and emotional distress as a result of this unprovoked intentional, extreme, and outrageous conduct. Plaintiff's emotional distress includes, without limitation, his fear that he would not be able to get the medical treatment he needed because of the loss of his salary, disability benefits, and health benefits.

50. WHEREFORE, Plaintiff prays for relief in the form of a judgment against Defendant by awarding (1) compensatory damages; (2) punitive damages; (3) equitable relief,; (4) costs and attorney's fees; and (5) any other relief the Court deems proper.

## COUNT V
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

51. Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

52. GW had a duty to avoid causing emotional distress to Plaintiff, its employee. By providing health insurance and disability insurance to its employees, including Plaintiff, Defendant also had a duty to not revoke those health and disability benefits to Plaintiff upon him getting sick. Defendant further had a duty

53. GW breached its duty to exercise reasonable care by acting negligently and recklessly in the following specific respects and without limitation:

    a. Failing to follow its medical leave policies and procedural

    b. Violating federal and D.C. law by refusing to provide Plaintiff with medical leave;

    c. Ignoring Plaintiff's request for medical leave;

    d. Firing Plaintiff even though GW knew that Plaintiff had requested medical leave;

Klaproth Law
406 5TH Street NW
Suite 350
Washington, D.C. 20001
_____
klaprothlaw.com

   e. Firing Plaintiff knowing that Plaintiff had cancer, required cancer treatments, and that the firing would deprive Plaintiff of his health insurance and disability insurance benefits;

   f. Lying to staff members about Plaintiff's termination; and,

   g. Misrepresenting to third persons that Plaintiff quit because of his cancer, when he was in fact fired because of it.

54. It was foreseeable to GW that revoking Plaintiff's health and disability benefits less than 24-hours after Plaintiff notified GW that he was to undergo emergent abdominal surgery the following week and chemotherapy within two weeks would cause Plaintiff severe emotional distress.

55. As a direct and proximate result of the Defendant's failure to exercise due care, Plaintiff has suffered and will continue to suffer much physical pain, severe and verifiable emotional distress and mental anguish; has incurred medical expenses and will continue to incur medical expenses; and has suffered and will continue to suffer mental and physical pain, and emotional distress. Plaintiff's emotional distress includes, without limitation, his fear that he would not be able to get the medical treatment he needed because of the loss of his salary, disability benefits, and health benefits.

56. WHEREFORE, Plaintiff demands judgment against Defendant for compensatory and punitive damages, as well as costs, fees and pre and post judgment interest and such further relief the Court deems just and proper.

### PRAYER FOR RELIEF

WHEREFORE, each Plaintiff individually prays for relief in the form of a judgment against all Defendant, jointly and severally, for compensatory damages, punitive damages, equitable relief, pre- and post-judgment interest costs, attorney's fees, and any other relief the

Klaproth Law
406 5TH Street NW
Suite 350
Washington, D.C. 20001
-----
klaprothlaw.com

Court deems proper and just.

## JURY AND TRIAL DEMAND

Plaintiff hereby demands a trial by jury with respect to each claim in this Complaint.

Respectfully submitted,

/s/ Brendan J. Klaproth
Brendan J. Klaproth (D.C. Bar No. 999360)
Klaproth Law PLLC
406 5th Street NW
Suite 350
Washington, DC 20001
Tel: 202-618-2344
Email: Bklaproth@klaprothlaw.com
*Attorney for Plaintiff*

# Superior Court of the District of Columbia

CIVIL DIVISION- CIVIL ACTIONS BRANCH
INFORMATION SHEET

| DONALD DUROUSSEAU | Case Number: _____ |
|---|---|
| vs | Date: 07/26/2019 |
| GEORGE WASHINGTON UNIVERSITY | ☐ One of the defendants is being sued in their official capacity. |

| Name: *(Please Print)* Brendan J. Klaproth | Relationship to Lawsuit |
|---|---|
| Firm Name: Klaproth Law PLLC | ☒ Attorney for Plaintiff |
| Telephone No.: 202-618-2344    Six digit Unified Bar No.: DC Bar No. 999360 | ☐ Self (Pro Se) <br> ☐ Other: _____ |

TYPE OF CASE:  ☐ Non-Jury     ☒ 6 Person Jury     ☐ 12 Person Jury
Demand: $ 10,000,000                                    Other: _____

PENDING CASE(S) RELATED TO THE ACTION BEING FILED
Case No.:_____ Judge: _____ Calendar #:_____

Case No.:_____ Judge: _____ Calendar#:_____

NATURE OF SUIT:     *(Check One Box Only)*

**A. CONTRACTS**                    **COLLECTION CASES**

☐ 01 Breach of Contract           ☐ 14 Under $25,000 Pltf. Grants Consent   ☐ 16 Under $25,000 Consent Denied
☐ 02 Breach of Warranty           ☐ 17 OVER $25,000 Pltf. Grants Consent   ☐ 18 OVER $25,000 Consent Denied
☐ 06 Negotiable Instrument        ☐ 27 Insurance/Subrogation               ☐ 26 Insurance/Subrogation
☐ 07 Personal Property                  Over $25,000 Pltf. Grants Consent        Over $25,000 Consent Denied
☒ 13 Employment Discrimination    ☐ 07 Insurance/Subrogation               ☐ 34 Insurance/Subrogation
☐ 15 Special Education Fees             Under $25,000 Pltf. Grants Consent       Under $25,000 Consent Denied
                                  ☐ 28 Motion to Confirm Arbitration
                                        Award (Collection Cases Only)

**B. PROPERTY TORTS**

☐ 01 Automobile                   ☐ 03 Destruction of Private Property   ☐ 05 Trespass
☐ 02 Conversion                   ☐ 04 Property Damage
☐ 07 Shoplifting, D.C. Code § 27-102 (a)

**C. PERSONAL TORTS**

☐ 01 Abuse of Process             ☐ 10 Invasion of Privacy              ☐ 17 Personal Injury- (Not Automobile,
☐ 02 Alienation of Affection      ☐ 11 Libel and Slander                     Not Malpractice)
☐ 03 Assault and Battery          ☐ 12 Malicious Interference           ☐ 18 Wrongful Death (Not Malpractice)
☐ 04 Automobile- Personal Injury  ☐ 13 Malicious Prosecution            ☐ 19 Wrongful Eviction
☐ 05 Deceit (Misrepresentation)   ☐ 14 Malpractice Legal                ☐ 20 Friendly Suit
☐ 06 False Accusation             ☐ 15 Malpractice Medical (Including Wrongful Death) ☐ 21 Asbestos
☐ 07 False Arrest                 ☐ 16 Negligence- (Not Automobile,     ☐ 22 Toxic/Mass Torts
☐ 08 Fraud                              Not Malpractice)                ☐ 23 Tobacco
                                                                        ☐ 24 Lead Paint

SEE REVERSE SIDE AND CHECK HERE ☐ IF USED

CV-496/June 2015

# Information Sheet, Continued

**C. OTHERS**

- ☐ 01 Accounting
- ☐ 02 Att. Before Judgment
- ☐ 05 Ejectment
- ☐ 09 Special Writ/Warrants (DC Code § 11-941)
- ☐ 10 Traffic Adjudication
- ☐ 11 Writ of Replevin
- ☐ 12 Enforce Mechanics Lien
- ☐ 16 Declaratory Judgment
- ☐ 17 Merit Personnel Act (OEA) (D.C. Code Title 1, Chapter 6)
- ☐ 18 Product Liability
- ☐ 24 Application to Confirm, Modify, Vacate Arbitration Award (DC Code § 16-4401)
- ☐ 29 Merit Personnel Act (OHR)
- ☐ 31 Housing Code Regulations
- ☐ 32 Qui Tam
- ☐ 33 Whistleblower

**II.**

- ☐ 03 Change of Name
- ☐ 06 Foreign Judgment/Domestic
- ☐ 08 Foreign Judgment/International
- ☐ 13 Correction of Birth Certificate
- ☐ 14 Correction of Marriage Certificate
- ☐ 26 Petition for Civil Asset Forfeiture (Vehicle)
- ☐ 27 Petition for Civil Asset Forfeiture (Currency)
- ☐ 28 Petition for Civil Asset Forfeiture (Other)
- ☐ 15 Libel of Information
- ☐ 19 Enter Administrative Order as Judgment [ D.C. Code § 2-1802.03 (h) or 32-151 9 (a)]
- ☐ 20 Master Meter (D.C. Code § 42-3301, et seq.)
- ☐ 21 Petition for Subpoena [Rule 28-I (b)]
- ☐ 22 Release Mechanics Lien
- ☐ 23 Rule 27(a)(1) (Perpetuate Testimony)
- ☐ 24 Petition for Structured Settlement
- ☐ 25 Petition for Liquidation

**D. REAL PROPERTY**

- ☐ 09 Real Property-Real Estate
- ☐ 12 Specific Performance
- ☐ 04 Condemnation (Eminent Domain)
- ☐ 10 Mortgage Foreclosure/Judicial Sale
- ☐ 11 Petition for Civil Asset Forfeiture (RP)
- ☐ 08 Quiet Title
- ☐ 25 Liens: Tax / Water Consent Granted
- ☐ 30 Liens: Tax / Water Consent Denied
- ☐ 31 Tax Lien Bid Off Certificate Consent Granted

_/s/_                                                                         07/26/2019

Attorney's Signature                                                              Date

Superior Court of the District of Columbia
CIVIL DIVISION
Civil Actions Branch
500 Indiana Avenue, N.W., Suite 5000 Washington, D.C. 20001
Telephone: (202) 879-1133 Website: www.dccourts.gov

DONALD DUROUSSEAU
_____
Plaintiff
vs.

Case Number _____

GEORGE WASHINGTON UNIVERSITY
_____
Defendant

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty one (21) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within seven (7) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Brendan J. Klaproth, Klaproth Law PLLC
_____
Name of Plaintiff's Attorney

406 5th St. N.W., Suite 350
_____
Address
Washington, DC 20001

202-618-2344
_____
Telephone

*Clerk of the Court*

By _____
Deputy Clerk

Date _____

如需翻译,请打电话 (202) 879-4828     Veuillez appeler au (202) 879-4828 pour une traduction     Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828로 전화주십시요     ያማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, *DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME*.

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

CV-3110 [Rev. June 2017]                                                                                         Super. Ct. Civ. R. 4





**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
**DIVISIÓN CIVIL**
Sección de Acciones Civiles
500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001
Teléfono: (202) 879-1133 Sitio web: www.dccourts.gov

DONALD DUROUSSEAU
_____
                                                              Demandante
                  contra
                                                                                  Número de Caso: _____

GEORGE WASHINGTON UNIVERSITY
_____
                                                              Demandado

**CITATORIO**

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veintiún (21) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días, contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que usted le entregue al demandante una copia de la Contestación o en el plazo de siete (7) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

Brendan J. Klaproth, Klaproth Law PLLC              *SECRETARIO DEL TRIBUNAL*
Nombre del abogado del Demandante

406 5th St. N.W., Suite 350                                Por: _____
Dirección                                                                               Subsecretario
Washington, DC 20001

202-618-2344                                                       Fecha _____
Teléfono
如需翻译,请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면 (202) 879-4828로 전화해 주십시오    የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍA RETENÉRSELE SUS INGRESOS, O PODRÍA TOMÁRSELE SUS BIENES PERSONALES O BIENES RAÍCES Y SER VENDIDOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, *NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO*.

Si desea conversar con un abogado y le parece que no puede pagarle a uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse sobre otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

CV-3110 [Rev. June 2017]                                                                                                            Super. Ct. Civ. R. 4

D.C. Superior Court
08/08/2019 16:03PM
Clerk of the Court

Form CA 1-A: Notice and Acknowledgment for Service by Mail



## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### CIVIL DIVISION

DONALD DUROUSSEAU
_____
*Plaintiff(s)*

v.

Case No: __2019 CA 004958 B__

GEORGE WASHINGTON UNIVERSITY
_____
*Defendant(s)*

### NOTICE

To (insert name and address of the party to be served):
GEORGE WASHINGTON UNIVERSITY
c/o Mary Lynn Reed
2100 Pennsylvania Avenue NW, Ste. 250
Washington, DC 20050

    The enclosed summons, complaint and initial order are served pursuant to Rule 4(c)(4) of the Superior Court Rules of Civil Procedure.

    You must sign and date the Acknowledgement (below). If you are served on behalf of a corporation, unincorporated association (including a partnership), or other entity, you must indicate next to your signature your relationship to that entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate next to your signature your authority.

    If you do not complete and return the form to the sender within twenty (20) days after it has been mailed, you (or the other party on whose behalf you are being served) may be required to pay any expenses incurred in serving a summons, complaint and initial order in any other manner permitted by law.

    If you do complete and return this form, you (or the other party on whose behalf you are being served) must answer the complaint within twenty (20) days after you have signed, dated and returned the form. If you fail to do so, judgment by default may be entered against you for the relief demanded in the complaint.

    This Notice and Acknowledgment of Receipt of Summons, Complaint and Initial Order was mailed on (insert date): __08/01/2019__.

_____        __08/01/2019__
*Signature*        *Date of Signature*

### ACKNOWLEDGMENT OF RECEIPT OF SUMMONS, COMPLAINT, AND INITIAL ORDER

    I (print name), __Ellen M. Dwyer__, received a copy of the summons, complaint and initial order in the above captioned matter at (insert address):  Crowell & Moring LLP
1001 Pennsylvania Avenue, N.W.
Washington, DC 20004

__Ellen M. Dwyer__      __Counsel__      __8/5/19__
*Signature*      *Relationship to Defendant/Authority to Receive Service*      *Date of Signature*

Para pedir una traducción, llame al (202) 879-4828    如需翻译，请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction
Dể có một bài dịch, hãy gọi (202) 879-4828    ትርጉም ለማግኘት በ (202) 879-4828 ይደውሉ    번역을 원하시면, (202) 879-4828 로 전화주십시요